**SIGNED THIS: October 23, 2008**

_____
              **GERALD D. FINES**
         **UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                )
                                      )
STEVEN R. ANSTEY and                  ) Bankruptcy Case No. 08-90630
MARISA L. ANSTEY,                     )
                                      )
            Debtors.                  )

OPINION

This matter having come before the Court on the Trustee's objection to the length of the Chapter 13 Plan and the Debtor's Response (and Brief) to Trustee's Objection to Length of Chapter 13 Plan; the Court, having heard arguments of counsel, having reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.  On April 16, 2008, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. The majority of the debts scheduled in the Debtors' Chapter 13 bankruptcy are debts relating to a business operated by the Debtors and are not primarily consumer debts as that term is defined under 11 U.S.C. § 101(8).

3. The Debtors have proposed a 36 month Chapter 13 Plan with a payment of $1,000 per month over the duration of their plan.

4. This Court's Order of October 1, 2006, adopting Revised Interim Bankruptcy Rule 1007, allows the Debtors to exempt themselves from the Means Test and the requirement to file Official Form 22C Statement of Current Monthly Income and Disposable Income Calculation.

5. The Debtors assert that, given their exemption from means testing, they are not bound by the provisions of 11 U.S.C. § 1325(b)(4) requiring them to propose a 60 month Chapter 13 plan rather than the 36 month plan as currently proposed.

6. The Chapter 13 Trustee asserts that, regardless of the Debtors' technical exemption from means testing, calculation of their income from information provided by the Debtors triggers the applicable provisions of 11 U.S.C. § 1325(b)(4)(A)(ii) requiring the Debtors to file a 60 month Chapter 13 plan.

## Conclusions of Law

The Court has carefully reviewed the written memoranda filed by both the Debtors and the Trustee, and finds that it concurs with the position asserted by the Chapter 13 Trustee as to the applicability of 11 U.S.C. § 1325(b)(4). There is no question that the issue in this matter is controlled by the provisions of § 1325(b)(4).

Title 11 U.S.C. § 1325(b)(4) states as follows:

(4) For purposes of this subsection, the "applicable commitment period" -
    (A) subject to subparagraph (B), shall be -

        (i) 3 years; or

        (ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than -

> (I)    in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
>
> (II)    in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
>
> (III)    in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $575 per month for each individual in excess of 4;
> . . .

Under the facts of this case, it is clear that the income information provided by the Debtors requires a finding that the Debtors must file a 60 month Chapter 13 plan. This Court's local Order, effective October 1, 2006, adopting Revised Interim Bankruptcy Rule 1007, does not and cannot supersede the law which is clearly promulgated under 11 U.S.C. § 1325(b)(4).

Although this Court recognizes the line of authority exemplified by the case of In re Frederickson, 735 B.R. 829 (8th Cir. BAP 2007), the Court finds that the holding in Frederickson is not binding on this Court and that the Seventh Circuit has not ruled on this issue to date. This Court finds that it concurs with the majority view finding that the commitment period applicable in a Chapter 13 proceeding is a temporal requirement under 11 U.S.C. § 1325(b)(4). See: In re Luton, 363 B.R. 96 (Bankr. W.D. Ark. 2007); In re Cushman, 350 B.R. 207 (Bankr. D. S.C. 2006); and In re Slusher, 359 B.R. 290 (Bankr. D. Nev. 2007).

Based upon the clear unambiguous language of 11 U.S.C. § 1325(b)(4) and the line of authority cited above, the Court finds that, in this case, the Debtors must propose a plan that is 60 months in duration, and that, based upon the Debtors' current income information, the payment should be $1,000 per month.

###